IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

REAL PROPERTY LOCATED AT THE
NORTHEAST CORNER OF THE
INTERSECTION OF 9th STREET AND 12th
AVENUE, HAVING RESIDENTIAL ADDRESSES
OF 1203 9th STREET, 1203 ½ 9th STREET, AND 824
12th AVENUE, MONROE, GREEN COUNTY,
WISCONSIN, WITH ALL APPURTENANCES
AND IMPROVEMENTS THEREON,

Defendant.

Case No.  11-cv-225

PROTECTIVE ORDER

This matter having come before this Court on the motion of the United States of

America for entry of a protective order pursuant to Title 18, United States Code,

Section 983(j)(1)(A), which provides courts with jurisdiction to enter restraining orders

and take such other action in connection with any property or other interest subject to

forfeiture to ensure its availability for forfeiture; and

IT APPEARING TO THE COURT THAT:

The United States has filed a civil forfeiture complaint with respect to the above-

captioned real property located at the northeast corner of the intersection of 9th Street

and 12th Avenue, having residential addresses of 1203 9th Street, 1203 ½ 9th Street, and

824 12th Avenue, Monroe, Green County Wisconsin, including all appurtenances, and improvements thereon.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, PURSUANT TO 18 U.S.C. §983(j)(1)(A) THAT:

A.     The real property located at the northeast corner of the intersection of 9th Street and 12th Avenue, having residential addresses of 1203 9th Street, 1203 ½ 9th Street, and 824 12th Avenue, Monroe, Green County Wisconsin, is hereby restrained in the manners described below.

## DEFINITIONS

For purposes of this order, the following definitions shall apply:

1.     "Potential claimant" refers to the owner of the real property located at the northeast corner of the intersection of 9th Street and 12th Avenue, having residential addresses of 1203 9th Street, 1203 ½ 9th Street, and 824 12th Avenue, Monroe, Green County Wisconsin, John R. Karls, his successors, assignees, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice of this order by personal service or otherwise.

2.     "Defendant Real Estate," or "Property," refers to the real property located at the northeast corner of the intersection of 9th Street and 12th Avenue, having residential addresses of 1203 9th Street, 1203 ½ 9th Street, and 824 12th Avenue, Monroe, Green County Wisconsin, including all buildings, appurtenances, and improvements thereon.

2

## PROHIBITED ACTIVITIES

IT IS THEREFORE ORDERED that potential claimants are enjoined from:

1)   Entering into any agreement to sell the Defendant Real Estate, during the
     pendency of this forfeiture action, unless the District Court orders the Property
     sold in an interlocutory sale, with the net proceeds to be deposited into an
     interest-bearing account as the substitute *res*, held in the custody and control of
     the United States Marshals Service.

2)   Transferring or disposing of, by any means, the Defendant Real Estate.
     However, if any part of any of the Defendant Real Estate has been transferred or
     disposed of by any means, potential claimants shall account to the Court for its
     disposition.  Further, this Order applies with equal force and effect to restrain the
     transfer or disposition of the proceeds from said Property.

3)   Selling, assigning, pledging, distributing, giving away, encumbering, or
     otherwise participating in the disposal of, or removal from, the jurisdiction of
     this Court, any part of or interest in the Defendant Real Estate, without prior
     approval of the Court upon notice to the United States and an opportunity for
     the United States to be heard, except as specified in this Order.

4)   Knowingly allowing any illegal activity to occur on the Defendant Real Estate,
     during the pendency of this civil forfeiture action.

## MAINTAINING THE PROPERTY

IT IS FURTHER ORDERED that, during the pendency of this civil forfeiture action, potential claimants are ordered to do the following with respect to the Defendant Real Estate:

1)   Potential claimants shall take all reasonable precautions to prevent the destruction or diminution in value of the Defendant Real Estate and any fixtures thereto.

2)   Potential claimants shall maintain the yard and any landscaping in its current condition and shall not allow trash or other debris to accumulate.

3)   Potential claimants shall maintain fire, flood, and hazard insurance on the Defendant Real Estate.

4)   Potential claimants shall ensure that all property taxes are paid on time and do not become delinquent.

5)   Potential claimants shall continue to make timely mortgage payments to keep the mortgage current.

6)   Potential claimants shall neither take, nor knowingly permit or aid and abet, any action to destroy, damage, waste, dispose of, or transfer the Defendant Real Estate, without authority of the Court, for the purpose of impairing or defeating the Court's continuing *in rem* jurisdiction over said Defendant Real Estate, in violation of 18 U.S.C. §2232(b).

## MONITORING

IT IS FURTHER ORDERED that the United States may monitor potential claimant's compliance with this Order by all lawful means available.

## JURISDICTION

This Court shall retain jurisdiction of this matter for all purposes.  The terms of this order shall remain in full force and effect until judgment is rendered on the civil forfeiture complaint filed with respect to the Defendant Real Estate, or further order of the Court.

SO ORDERED this **1st** day of April 2011.

*Peter Oppeneer*

~~STEPHEN L. CROCKER~~
United States Magistrate Judge

PETER OPPENEER